## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

STEVEN D. YOUNG,

       Plaintiff,

v.                                                     Case No.  4:18-cv-444-RH/MJF

CORIZON LLC, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections proceeding *in forma pauperis* and *pro se*, initiated this civil rights action by filing a complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review of Plaintiff's complaint, it is apparent that venue is not proper in the Northern District of Florida. Therefore, this case should be transferred to the Middle District of Florida.[1]

## I.    Background

Plaintiff is an inmate of the Florida penal system confined at Union Correctional Institution. Union Correctional Institution is located in the Middle District of Florida. In his § 1983 complaint, Plaintiff identified several Defendants,

---

[1] The case was referred to the undersigned to address preliminary maters and enter recommendations regarding any dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

including: Corizon, LLC, Woodrow A. Myers, Rhonda Almanza, Helen Sneed, Teresa Woodal, Erron Campbell, Centurion of Florida, LLC, John Doe #1-3, E. Perez-Lugo, Thomas Reimers, Daniel Cherry, Michelle Schouest, and Julie Jones.[2] (Doc. 1).

Plaintiff claims that Defendants were deliberately indifferent to a serious medical need while he was incarcerated in the Middle District of Florida. Plaintiff alleges that from June 2014 to August 24, 2016, Plaintiff was denied care for his hepatitis C. Plaintiff seeks compensatory and punitive damages and injunctive and declaratory relief such that the FDC be required to provide treatment and ameliorative care, including pain medication. (Doc. 1).

On April 11, 2019, the undersigned ordered Plaintiff to show cause why this case should not be transferred to the United States District Court for the Middle District of Florida, the district where Plaintiff and Union C.I. is located. (Doc. 13). Without citation to any federal authority, Plaintiff responded that venue is proper in the Northern District pursuant to the "sword wielder" doctrine and the "home venue privilege." (Doc. 14).

---

[2] To the extent that Plaintiff is seeking to sue Julie Jones in her official capacity, this court recognizes that Julie Jones is no longer the Secretary of the FDC. In January 2019, Mark S. Inch replaced Julie Jones as the Secretary of the FDC. As such, claims against Defendant Jones in her official capacity will be construed as against Mark S. Inch, the current Secretary of the FDC. *See* Fed. R. Civ. P. 25(d).

## II.    <u>Discussion</u>

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides in relevant part:

> **(b) Venue in general.**—A civil action may be brought in—
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . .

*Id.*

In this case, Plaintiff cannot bring this action in "a judicial district in which any defendant resides" because it appears that not all of the defendants are residents of Florida. According to Plaintiff's complaint, several Defendants reside in states other than Florida. (Doc. 1 at 2-3). Specifically, at least one Defendant resides in each of the following locations: (1) St. Louis, Missouri; (2) Tempe, Arizona; and (3) Brentwood, Tennessee.

On the other hand, the denial of Plaintiff's medical care occurred at Union C.I., which is located in Union County. Thus, a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in the Middle District of Florida, not the Northern District of Florida. *See Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1372 (11th Cir. 2003); *United States v. Sect. Fla. Dept. of Corr.*, No. 12-22958-CIV, 2012 WL 6626818, at *2 (S.D. Fla. Dec. 19, 2012) ("[T]he policy

decision alone does not give rise to the claim; a claim only exists if someone has been harmed by the policy decision."); *Mobile Diagnostic Imagining, Inc. v. Gormezano,* No. 12-60888-CIV, 2012 WL 3244664, at *2 (S.D. Fla. Aug. 9, 2012) (noting that courts have held "that substantial events occurred within a venue when harm or injury was suffered in that venue"); *Sanchez v. Pingree,* 494 F. Supp. 68, 70 (S.D. Fla. 1980) (holding that although state statute was administered in the Northern District of Florida, venue was proper in the Southern District of Florida because plaintiffs suffered their injuries from the administration of the statute in the Southern District). Thus, based on the information provided by the Plaintiff in his complaint, venue is proper in the Middle District of Florida.

When venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Wright v. Miranda*, 740 F. App'x 692, 693 (11th Cir. 2018). Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W.*

*Dist. of Tex.*, 571 U.S. 49, 60, 134 S. Ct. 568, 580 (2013); *Sinochem Int'l Co. Ltd. v.*

*Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 1190-91 (2007)

(noting that § 1404(a) provides for transfer of a case "when a sister federal court is

the more convenient place for trial of the action"). "Section 1404(a) reflects an

increased desire to have federal civil suits tried in the federal system at the place

called for in the particular case by considerations of convenience and justice." *Van*

*Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964).

There "is a 'long-approved practice of permitting a court to transfer a case *sua*

*sponte* under the doctrine of forum non conveniens, as codified at 28 U.S.C. §

1404(a) . . . .'" *Tazoe v. Airbus, S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting

*Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)). In analyzing the issue of

proper venue in the context of the federal doctrine of *forum non conveniens*, courts

have looked to various factors relating to the private interest of the litigants and the

public interest in the fair and efficient administration of justice. *See Gulf Oil Corp.*

*v. Gilbert*, 330 U.S. 501, 508-09, 67 S. Ct. 839, 843 (1988), *superseded by statute*

*on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S. 443,

449 n.2, 114 S. Ct. 981, 986 n.2 (1994)[1]; *accord Cowan v. Ford Motor Co.*, 713 F.2d

---

[1] "For the convenience of parties and witnesses, in the interest of justice, a district
court may transfer any civil action to any other district or division where it might
have been brought." By this statute, "[d]istrict courts were given more discretion to
transfer . . . than they had to dismiss on grounds of forum non conveniens." *Piper*

100, 103 (5th Cir. 1983). These factors include:

- the convenience of the witnesses;

- the location of relevant documents and the relative ease of access to sources of proof;

- the convenience of the parties;

- the locus of operative facts;

- the availability of process to compel the attendance of unwilling witnesses;

- the costs of obtaining attendance of witnesses;

- the relative means of the parties;

- a forum court's familiarity with the governing law;

- the weight accorded a plaintiff's choice of forum;

- trial efficiency and the interests of justice;

- possibility of affording the trier of fact an opportunity to view the location of the actions giving rise to the claim;

- the practical problems that make trial of a case easy, expeditious and inexpensive;

- the congestion of the dockets of the relevant district courts; and

---

*Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S. Ct. 252, 264 (1981). As a consequence, the federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad. *American Dredging*, 510 U.S. at 449 n.2, 114 S. Ct. 981, 986 n.2.

- the desire not to impose the burden of jury service on the people of a community which has no relation to the litigation.

*Atl. Marine Constr. Co., Inc.*, 571 U.S. at 62 n.6, 134 S. Ct. at 581 n.6; *Stewart Org., Inc. v. Ricoh, Inc.*, 487 U.S. 22, 30, 108 S. Ct. 2239, 2244 (1988); *Gilbert*, 330 U.S. at 508-09, 67 S. Ct. at 843; *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citing *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F. Supp. 993, 996 (S.D.N.Y. 1990)); *P & S Bus. Mach., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807-08 (11th Cir. 2003).

The alleged actions of the Defendants that gave rise to this case occurred in the Middle District of Florida. Accordingly, it is reasonable to believe that the Middle District would be the most convenient forum for the parties and the witnesses and would result in less expense for the parties should a trial be required. Furthermore, evidence that Plaintiff was denied medical care by Centurion and Corizon employees at Union C.I. likely would be located in the Middle District of Florida. Specifically, it is likely that relevant documents pertaining to the denial of medical care for the Plaintiff would be located in the Middle District of Florida. Additionally, the Middle District of Florida also is capable of compelling unwilling witnesses to attend any trial, and trial in that district court would afford the trier of fact a greater opportunity to view the location of the alleged acts, should that prove desirable.

Of course, a court must consider a plaintiff's choice of forum. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 546 (1955). Nevertheless, "the degree of deference given to a plaintiff's forum choice varies with the circumstances." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001). In a case "[w]here the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prods, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted); *see Leroy v. Great Western United Corp.*, 443 U.S. 173, 185, 99 S. Ct. 2710, 2717 (1979) (noting that "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts"). For the reasons outlined above, the operative facts underlying the Plaintiff's claims occurred in the Middle District of Florida. Thus, Plaintiff's choice of forum is entitled to "less than normal deference."

Plaintiff argues that venue is proper here because the Northern District of Florida is familiar with suits regarding the FDC's failure to provide medical care to prisoners with chronic hepatitis C virus ("HCV"). (Doc. 14 at 2); *see also Hoffer v. Inch*, 4:17-cv-214-MW-CAS (N.D. Fla. May 11, 2018). Plaintiff seeks a preliminary injunction that requires the FDC to provide medical care to the Plaintiff for his HCV. (Docs. 1, 7). Chief United States District Court Judge Mark E. Walker issued a permanent injunction requiring the FDC to provide treatment and monitor HCV

positive prisoners in accordance with the FDC's HCV policy. *See Hoffer,* 4:17-cv-214-MW-CAS (ECF No. 465). To the extent that Plaintiff seeks a preliminary injunction requiring the FDOC to provide treatment for his HCV, it appears moot in light of the permanent injunction issued in *Hoffer.* Furthermore, Plaintiff is not seeking to enforce the *Hoffer* injunction, which could easily be accomplished by consolidating his case with *Hoffer.*[3] Thus, all that remains of his action is a claim for monetary damages. As indicated above, most of the witnesses and evidence for such a claim are located in the Middle District of Florida, and the Middle District is just as familiar with the relevant law as is the Northern District.

Additionally, Plaintiff argues that the case should remain in the Northern District of Florida because of the "home privilege rule." "The home venue privilege provides that, absent waiver or exception, venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal headquarters." *Fla. Dept' of Children and Families v. Sun-Sentinel, Inc.*, 865 So. 2d 1278, 1286 (Fla. 2004). The purpose of this rule is to promote "orderly and uniform handling of state litigation. . . ." *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So. 2d 362, 363-

---

[3] Plaintiff has stated in his pleadings that he objects to having his case consolidated with *Hoffer.*

64 (Fla. 1977). There are at least four reasons why this rule does not preclude transfer of this case to the Middle District.

First, this privilege exists for the benefit of the state and belongs to the state, not to a private plaintiff. *See Castle Beach Club Condo., Inc. v. Citizens Prop. Ins. Corp.*, 96 So. 3d 964, 965 (Fla. Ct. App. 2012) (noting that only "the state and its agencies or subdivisions enjoy the home venue privilege"); *Fish & Wildlife Conserv. Comm'n v. Wilkinson*, 799 So. 2d 258, 260 (Fla. Ct. App. 2001). Accordingly, the state or one of its entities must assert the privilege, not the Plaintiff.

Second, some of the purposes of the rule—conservation of government resources and convenience to the government—are better served by transferring this case to the Middle District of Florida. For that reason, as a matter of prudence, the rule should not be mechanically applied in this case. As the Florida Supreme Court has stated:

> The benefit of money saved by state agencies and subdivisions by not having to defend against lawsuits filed outside their home counties must now be weighed against the increased costs incurred in the operation of the courts, costs which are paid in substantial part by all taxpayers. . . . We therefore hold . . . that the home venue privilege for government entities is not absolute.

*Bd. of Cty. Comm'rs of Madison Cty. v. Grice*, 438 So. 2d 392, 394-95 (Fla. 1983).

Third, an exception to the home venue privilege "applies in those cases in which the governmental defendant is sued as a joint tortfeasor." *Sun-Sentinel, Inc.*, 865 So. 2d at 1288 (citing *Bd. of County Comm'rs v. Grice*, 438 So. 2d 392, 395 (Fla.

1983)). Thus, because Plaintiff is suing the state as a joint tortfeasor, the home venue privilege also may not apply to this case.

Finally, and most importantly, because this privilege is merely a state procedural rule, it does not bind a federal court. Rather, federal law controls the question of proper venue. *See Stewart Org., Inc.*, 487 U.S. at 29-30, 108 S. Ct. at 2243-44 (noting that the Federal Rules govern the transfer of venue and that focusing on a single state policy or venue rule would defeat Congress's command that multiple considerations govern transfer within the federal court system); *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) ("The appropriate venue of an action is a procedural matter that is governed by federal rule and statutes."); *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001) (holding that "the question of venue is governed by federal law, not state law"); *Murphree v. Miss. Pub. Corp.*, 149 F.2d 138, 140 (5th Cir. 1945) (noting that "where a federal statute fixed the venue of the federal courts, state laws are inapplicable").

Upon consideration of the totality of the circumstances, including the location of the underlying operative facts, as well as the location of Plaintiff, the evidence, and likely witnesses, the proper venue for this action is the Middle District of Florida. Accordingly, the case should be transferred to that district.

## III.   Conclusion

For the reasons set forth above, the undersigned respectfully

**RECOMMENDS** that:

1.  This case be **TRANSFERRED** to the United States District Court for the

Middle District of Florida.

2.  The clerk of court be instructed to close the case file.

At Panama City, Florida, this <u>21st</u> day of May 2019.

/s/ Michael J. Frank
**Michael J. Frank**
**United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**